792

### Robert WILLIAMS, Plaintiff–Appellant,

v.

### C.O. LACLAIR, Correctional Officer; Scott Hutchins, Correctional Officer; Gregory Boynton, Sergeant, Defendants–Appellees.

### No. 04–4457–PR.

United States Court of Appeals,
Second Circuit.

April 1, 2005.

Robert Williams, Attica, NY, for Appellant, pro se.

Martin A. Hotvet, Assistant Solicitor General, Office of the New York State Attorney General (Eliot Spitzer, Attorney General, Nancy A. Spiegel, Senior Assistant Solicitor General), Albany, NY, for Appellees.

Present: SOTOMAYOR, RAGGI, and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Northern District of New York (Strom, J.) is AFFIRMED.

Robert Williams, *pro se*, appeals from a judgment of the United States District Court for the Northern District of New York (Strom, J.),[1] granting summary judgment in favor of the defendants in Williams's civil rights action brought under 42 U.S.C. § 1983. We presume familiarity by the parties with the factual and procedural background of this case.

1. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

This Court reviews *de novo* the district court's grant of summary judgment, construing all inferences in the non-movant's favor. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). In doing so, we assess whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *Id.*

As a preliminary matter, Williams fails to address on appeal the district court's holding that it lacked subject matter jurisdiction over his claims because of the findings of the prison disciplinary hearing. Because Williams fails to dispute this holding, which was the principal reason for the dismissal of Williams's complaint, he has waived it for the purposes of this appeal. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995) (finding claim waived where *pro se* litigant did not address it in his appellate brief). Therefore, this Court need not reach the exhaustion issue, as the district court's finding on subject matter jurisdiction is undisputed. Nevertheless, we find that the district court correctly held that Williams had failed to exhaust his administrative remedies. Before an inmate can bring an action under § 1983, he or she must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle,* 534 U.S. 516, 523–24, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The exhaustion requirement applies regardless of whether the administrative remedies available are effective or efficient, and regardless of whether the relief sought by the inmate is available through administrative procedures. *See Porter,* 534 U.S. at 524. Inmates in New York are provided with an inmate grievance program for the resolution of grievances. *See* N.Y. Comp.Codes R. & Regs. tit. 7, § 701.1. Inmates must file a grievance within fourteen days of the incident giving rise to the grievance, but can request an exception to the time limit for "mitigating circumstances." *Id.* § 701.7(a)(1). For substantially the reasons set forth by the district court, we conclude that Williams failed to exhaust his administrative remedies.

Williams contends that he filed one grievance at Adirondack Correctional Facility pertaining to his matter, but that an unidentified prison official discarded the grievance. Williams fails, however, to explain his failure to pursue exhaustion once he realized that his grievance was never filed. Thus, no evidence in the record indicates that Williams satisfied 42 U.S.C. § 1997e(a).

For these reasons, the district court's judgment is AFFIRMED.